FILED

NOT FOR PUBLICATION

MAR 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONNA MARCELLE ZAMORA,

Plaintiff - Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

Defendant - Appellee.

No. 10-17787

D.C. No. 3:09-cv-04852-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted February 16, 2012
San Francisco, California

Before: B. FLETCHER, NOONAN, and PAEZ, Circuit Judges.

Donna Marcelle Zamora appeals the district court's affirmance of the

administrative law judge's denial of disability insurance benefits under Titles II

and XVI of the Social Security Act. We affirm the finding of Zamora's residual

functional capacity for work.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The ALJ properly determined Zamora's residual functional capacity. Dr. Teran opined that Zamora could "frequently" lift and carry objects weighing less than ten pounds, could "occasionally" lift objects weighing ten pounds, and could lift up to twenty pounds on rare occasions. She further opined that Zamora was capable of standing or walking for approximately four hours per day. The ALJ's determination that Zamora was capable of light work with a sit/stand option at will was therefore consistent with Dr. Teran's medical assessment. *See* 20 C.F.R. § 404.1567(b) (2011).

The ALJ also properly resolved ambiguities in Dr. Kalman's opinion. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Dr. Kalman opined that Zamora could not perform at a competitive pace but that she was nevertheless capable of following simple job instructions, satisfactorily maintaining her attention for two hours at a time, and sustaining an ordinary routine. These limitations are consistent with the ALJ's residual functional capacity determination.

Finally, the ALJ did not err in discounting Zamora's credibility due to her failure to attend either of two scheduled consultative evaluations. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

**AFFIRMED**.

2